IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JOHNATHAN A WHEELER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| VS. | : | NO. 5:23-cv-00199-MTT-CHW |
| | : | |
| **JOSEPH POLITE,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER

*Pro se* Plaintiff Johnathan A. Wheeler, an inmate currently incarcerated at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has also moved for leave to proceed *in forma pauperis* (ECF No. 2) and for appointed counsel (ECF No. 3).

Plaintiff's motion to proceed *in forma pauperis* is incomplete. A prisoner seeking leave to proceed *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Plaintiff has not filed a certified copy of his prison trust fund account information. Accordingly, Plaintiff is **DIRECTED** either to pay the Court's $402.00 filing fee or to submit a complete and proper motion to proceed without the prepayment of the filing fee, which should include a certified copy of his trust fund account statement, within **FOURTEEN (14) DAYS** of the date of this Order. The Clerk is

**DIRECTED** to provide Plaintiff with a copy of the appropriate forms for this purpose, marked with the case number for the above-captioned action.

Plaintiff has also filed a motion for appointed counsel (ECF No. 3). As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1] But "[t]he key" in determining whether appointed counsel is warranted "is whether the *pro se* litigant needs help in presenting the essential merits of his position to the court." *Nelson v. McLaughlin*, 608 F. App'x 904, 905 (11th Cir. 2015) (per curiam)

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential merits of his claims, and the applicable legal doctrines are readily apparent. As such, Plaintiff's motion for appointed counsel is **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the Court's filing fee in full or to submit his proper and complete motion for leave to proceed *in forma pauperis*. Plaintiff is additionally instructed to notify the Court, in writing, of any change in his mailing address. **If Plaintiff does not timely and fully comply with this Order, this action may be dismissed.** There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 30th day of June, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge