IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHNATHAN A WHEELER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 5:23-cv-199-MTT-CHW |
| | : | |
| JOSEPH POLITE, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER**

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Johnathan Allen Wheeler, an inmate presently incarcerated at the Georgia Diagnostic and Classification Center in Jackson, Georgia, has filed a response to the Court's Order requiring him to pay an initial partial filing fee, stating that Defendants refuse to cooperate with his requests to deduct this fee from his prison trust fund account (ECF No. 9). Plaintiff has also provided the Court with information concerning his efforts to have those funds deducted. Given Plaintiff's response, the Court will waive the requirement that Plaintiff pay an initial partial filing fee before further processing of his claims. Plaintiff is nevertheless still responsible for paying the entire amount of the filing fee in installments, and that money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in 28 U.S.C. § 1915(b).

Plaintiff's claims must be screened by the Court pursuant to 28 U.S.C. § 1915A and § 1915(e), but the Court requires more information about Plaintiff's claims. Plaintiff is

therefore **ORDERED** to amend or supplement his Complaint to provide the Court with this information, as described below.

Plaintiff's Complaint focuses on his treatment in the F-Wing of the Special Management Unit in the Georgia Diagnostic and Classification Prison in Jackson, Georgia, between June 2022 and November 2022. Compl. 6, ECF No. 1. According to the Complaint, prison officials placed Plaintiff on "Level-2 (two) mental health case load in/on June 3, 2022 after several mental health episodes, and request by Plaintiff to have a mental health evaluation dating back to Feb. 2021." *Id.* at 8. During this time, Defendant Joseph, a nurse, gave Plaintiff the wrong mental health medication. *Id.* When Plaintiff informed Defendant Joseph that he had received the wrong medication, she replied, "What do you want me to do about it?" and did not attempt to help Plaintiff. *Id.*

On or about June 23, 2022, prison officials failed to give Plaintiff his mental health medication two days in a row. Compl. 9, ECF No. 1. Plaintiff repeatedly contacted prison officials in an effort to obtain some treatment, but to no avail; he later showed prison officials that he had a "cutter" hidden in his sock as a "last resort" to obtain medical care. *Id.* at 11. This led to a confrontation with prison officials who eventually tasered Plaintiff, sprayed him with pepper spray, shot him with a pepper ball gun, and declined to provide him with medical treatment after they did so. *Id.* at 14-15. Plaintiff also contends that prison officials used excessive force against him again in July of 2022, after Plaintiff cut himself with a piece of metal in another attempt to obtain mental health care. *Id.* at 15-16.

In what appears to be an unrelated incident, Plaintiff contends prison officials refused to provide him with medical treatment on or about July 4, 2022, for an injured

wrist.  Compl. 16, ECF No. 1.  In sum, however, Plaintiff contends that Defendants' repeated failures to provide him with adequate medical treatment violated his constitutional rights, and as a result he primarily seeks monetary damages.  *Id.* at 17.

The caption of Plaintiff's Complaint identifies Warden Joseph Polite, Governor Brian Kemp, former Georgia Department of Corrections Commissioner Timothy C. Ward, "Sidney Moore Mental Health," and Nurse Joseph as the only Defendants in this action.  Compl. 1, ECF No. 1.  Elsewhere in his Complaint, Plaintiff states he is suing "Warden Joseph Polite, et al., see Complaint."  *Id.* at 5.  The phrase "et al." means "and others" and therefore signifies that Plaintiff may wish to name additional Defendants in this action.  In addition, the only named Defendants Plaintiff mentions in the body of his Complaint are Nurse Joseph and Sidney Moore.  *See, e.g., id.* at 9.  It is therefore unclear against whom Plaintiff wishes to file this lawsuit.

For this reason, Plaintiff is **ORDERED** to recast his Complaint on the Court's standard form.  The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit.  Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action.  Plaintiff must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his constitutional rights.

To that end, it is recommended that, when drafting his statement of claims on the Court's form, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

3

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct other than being in a supervisory role? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he need not attach supporting documents to his recast complaint, use legal terminology, or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed.

Plaintiff is cautioned that the opportunity to file a recast complaint is not an invitation for him to include every imaginable claim that he may have against any state official. Plaintiff will not be permitted join claims against multiple defendants in one action unless Plaintiff can establish a logical relationship between the claims in accordance with

the Federal Rules of Civil Procedure. Plaintiff is also cautioned to fully and truthfully respond to each question presented on the standard form including but not limited to those questions regarding previous federal lawsuits and whether he has pursued grievances and exhausted his administrative remedies, or he risks dismissal of this case.

**The recast complaint will supersede (take the place of) the original Complaint (ECF No. 1) and any other documents that appear to contain factual allegations that may be relevant to this action. Plaintiff may include additional pages with the Court's standard form, but the recast complaint must be no longer than ten (10) pages in its entirety.** The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit a recast complaint on this form. **If Plaintiff does not timely and fully comply with this Order, this action may be dismissed.** Plaintiff is further **DIRECTED** to notify the Court immediately in writing of any change in his mailing address. There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 22nd day of September, 2023.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge