IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHNATHAN A WHEELER, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WARDEN JOSEPH POLITE, *et al.*, ) <br> ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. 5:23-CV-199 (MTT) |

## ORDER

On November 28, 2023, the Magistrate Judge conducted a screening of plaintiff Johnathan A. Wheeler's complaint.  Doc. 12.  The Magistrate Judge recommended Wheeler's claim against Nurse Joseph be dismissed without prejudice.  *Id*.  After the time for filing objections passed, the Court adopted the Magistrate Judge's recommendation, reviewing it for clear error.  Doc. 15.  Now—51 days after the deadline—Wheeler files a "Reply to Document 12."  Doc. 34.  The "Reply" explains that Wheeler did not receive the Recommendation until February 1, 2024.  *Id*.  Wheeler states he is "not sure if [he] could change anything" but "feel[s] that Nurse Joseph is getting away with a crime."  *Id*.  He also states that if he "can't change it," he is "content with the Court's decision."  *Id*.  The Court construes Wheeler's "Reply" as a motion for reconsideration of the Court's prior Order (Doc. 15).

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice."  M.D. Ga. L.R. 7.6.  Indeed, "reconsideration of a previous

order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). Here, Wheeler has not pointed to any intervening change in the law, newly discovered evidence, or clear error by the Court. In fact, Wheeler states that he is "content with the Court's decision." Doc. 34. Thus, Wheeler's motion for reconsideration (Doc. 34) is **DENIED.**

    **SO ORDERED**, this 9th day of February, 2024.

                                                   S/ Marc T. Treadwell
                                                 MARC T. TREADWELL, CHIEF JUDGE
                                                 UNITED STATES DISTRICT COURT