IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHNATHAN A. WHEELER, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:23-cv-199-MTT-CHW |
| Warden JOSEPH POLITE, *et al.*, | : | Proceedings under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |

## ORDER

Before the Court is Defendant Davis's motion to set aside default. (Docs. 49, 50).[1] In the screening recommendation of Plaintiff Wheeler's complaint, several claims were permitted to move forward, including an excessive force claim against Defendant Davis. (Docs. 12, 15). A request for waiver of service was issued for Defendant Davis at Georgia Diagnostic and Classification Prison (Doc. 14), but it was returned unexecuted. (Doc. 16). The Clerk of Court reissued service paperwork for personal service (Doc. 19), and Defendant Davis was personally served by the U.S. Marshals Service on February 8, 2024. (Doc. 36). Defendant Davis failed to answer Plaintiff's complaint as required and is in default, but no default has been entered upon the docket. Defendant Davis now seeks to have the default set aside in a motion filed on May 14, 2024. (Doc. 49, 50).

In support of his motion to open default, Defendant Davi has submitted a declaration

---

[1] Defendant has filed two motions that are substantially the same, but the second motion includes a declaration from Defendant Davis. (Doc. 50-2).

1

indicating that he was not working for the Department of Corrections at the time he was served with this suit. (Doc. 50-2, ¶¶ 1-3). Defendant Davis is also a defendant in a separate case[2] with Plaintiff Wheeler, which involves similar conduct, and Defendant Davis believed no further action was necessary because he is represented in the other case. (*Id.*, ¶ 7). When he discovered that action was needed in this matter, he worked with his attorney to respond. (*Id.*)

Defaults are viewed with disfavor, and there is a "strong policy for determining cases on their merits." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court may set aside any entry of default for "good cause," which generally requires the consideration of factors such as: "whether the default was culpable or willful, whether setting [the default] aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996).

There is no genuine suggestion on the present record of any culpable conduct by Defendant Davis. It appears that being served in another similar case caused confusion and that Defendant Davis's oversight was not intentional. Defendant has submitted a pre-answer motion to dismiss (Doc. 51), which raises grounds for a potentially meritorious defense in this action. Additionally, there is no indication that Plaintiff will suffer from prejudice by litigating the merits of his claims through the ordinary legal process because

---

[2] *Wheeler v. Polite*, 5:22-cv-403-MTT-CHW (pending since November 14, 2022).

2

another motion to dismiss is pending and discovery has been stayed. (Docs. 29, 32). Therefore, Defendant's motion to set aside default (Docs. 49, 50) is **GRANTED**. Defendant Davis's motion to dismiss (Doc. 51) is accepted his responsive pleading to Plaintiff's complaint.

      **SO ORDERED**, this 5th day of June, 2024.

                                      s/ Charles H. Weigle_____
                                      Charles H. Weigle
                                      United States Magistrate Judge