IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JOHNATHAN ALLEN WHEELER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Case No. 5:23-cv-00199-MTT-CHW |
| | : | |
| **Warden JOSEPH POLITE,** *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| **Defendants.** | : | Before the U.S. Magistrate Judge |
| | : | |

## NOTIFICATION OF MOTION TO DISMISS

Before the Court is Defendant Davis's motion to dismiss (Doc. 51) wherein he relies, in part, on the pre-answer motion to dismiss, brief in support, and supporting documents previously filed by the other Defendants. (Doc. 29). The Court provided notice to Plaintiff regarding the previous motion to dismiss (Doc. 29), and Plaintiff has filed a response (Doc. 41).

The Court hereby incorporates the cautions and parameters set forth in the prior notification for Defendant Williams's motion to dismiss. *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985) (per curiam). Plaintiff is reminded that under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Plaintiff may submit his argument to this Court by filing a brief in opposition to Defendant's second motion to dismiss. Unless the Court has granted prior permission, any brief should not exceed 20 pages. M. D. Ga. Civ. R. 7.4. To the extent that Plaintiff has addressed the alleged failure to exhaust, Plaintiff may choose to rest on the response he has already filed with the Court.

**FAILURE OF PLAINTIFF TO RESPOND TO AND REBUT THE LEGAL ARGUMENTS SET FORTH IN DEFENDANT'S BRIEF MAY RESULT IN THESE STATEMENTS BEING ACCEPTED AS UNCONTESTED AND CORRECT**. The Court could grant judgment to Defendant and there would be no trial or further proceedings. Accordingly, Plaintiff is **NOTIFIED** of his right to amend his complaint, submit a response brief, and, if responding to a motion to dismiss for failure to exhaust administrative remedies, submit any affidavits and/or documents showing he has exhausted. As explained above, if Plaintiff fails to amend his complaint and the applicable statute of limitations has expired since he filed the original complaint, the Plaintiff will be barred from re-filing following dismissal. If Plaintiff fails to file a brief in opposition to the motion to dismiss, a final judgment may be rendered against him if otherwise appropriate under law. Any amendment, response brief, affidavits and/or other documents must be filed **WITHIN 21 DAYS** of receipt of this Order. Fed. R. Civ. P. 15(a)(1)(B); M. D. Ga. Civ. R. 7.2. Thereafter, the Court will consider Defendant's motion to dismiss and any opposition to the same filed by Plaintiff, and issue its ruling.

**SO ORDERED**, this 5th day of June, 2024.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge